# IN THE COURT OF APPEALS OF IOWA

No. 17-0991
Filed August 16, 2017

**IN THE INTEREST OF W.J.,**
**Minor Child,**

**G.J., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

The mother appeals from an order terminating her parental rights pursuant to Iowa Code chapter 232 (2016). **AFFIRMED.**

Ryan R. Gravett of Oliver Gravett Law Firm, Windsor Heights, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Kimberly S. Ayotte of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Gabriella, the mother, appeals from an order terminating her parental rights in her child W.J. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) and (g) (2016). On appeal, the mother argues the State failed to prove by clear and convincing evidence the elements for section 232.116(1)(g). She does not challenge the sufficiency of the evidence supporting termination pursuant to section 232.116(1)(f). She also contends the State failed to prove termination of her parental rights is in the best interest of the child.

The standard of review and controlling framework are well-established and need not be repeated herein. *See, e.g., In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014) (same); *In re M.S.*, 889 N.W.2d 675, 679 (Iowa Ct. App. 2016).

On de novo review, we conclude the State proved by clear and convincing evidence both of the statutory grounds authorizing termination of Gabriella's parental rights and termination of Gabriella's parental rights was in the best interest of the child. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). In 2010, Gabriella had her rights in two other children terminated. The concerns presented in that case persist: untreated substance abuse; untreated mental-health conditions; ongoing criminal behavior and incarceration; domestic violence; unstable employment; unstable housing; and child neglect. The

mother's personal issues have proven to be implacable. The best interest of the child demands the child be given a better opportunity. The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**